UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUIS CABALLERO,

                Plaintiff,

-v-

SERGEANT TIMOTHY McMAHON, et al.,

                Defendants.

19-CV-01513-LJV-MJR
REPORT and
RECOMMENDATION

---

This matter has been referred to the undersigned by Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1). (Dkt. No. 11).

*Pro se* plaintiff, Luis Caballero, was a prisoner confined at the Attica Correctional Facility ("Attica") when he filed this action. He asserts claims primarily under 42 U.S.C. §§ 1983 and 1985, arising from an alleged assault by the defendants, Correctional Officers at the Erie County Holding Center, on February 7, 2019. Before the Court is Defendants' motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted, and other alternative relief. (Dkt. Nos. 21-24). For the following reasons, is it recommended that Defendants' motion to dismiss be denied without prejudice to renewal as a motion for summary judgment.

## PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on November 8, 2019. (Dkt. No. 1). On March 11, 2020, Judge Vilardo filed an Order denying Plaintiff's request for a preliminary

injunction; dismissing various claims; and granting Plaintiff leave to file an amended complaint within 45 days of his Order. (Dkt. No. 4).[1]

Plaintiff failed to file an amended complaint within 45 days. On September 28, 2020, Plaintiff moved for an extension of time to file an amended complaint. (Dkt. No. 13). On October 13, 2020, this Court granted Plaintiff's request and ordered that he file an amended complaint by December 18, 2020. (Dkt. No. 16). Again, Plaintiff failed to timely file. On January 13, 2021, Plaintiff filed an amended complaint (Dkt. No. 18) and a motion to accept the late filing. (Dkt. No. 17). On January 28, 2021, the Court granted Plaintiff's motion for late filing. (Dkt. No. 18). The January 13, 2021 amended complaint is now the operative complaint in this action.

On March 30, 2021, Defendants moved to dismiss the amended complaint. (Dkt. Nos. 21-24). On March 30, 2021, the Court ordered Plaintiff to file a response to the motion to dismiss by April 30, 2021. Plaintiff failed to file a response. On October 7, 2021, the Court ordered Plaintiff to show cause, in writing, by November 5, 2021, as to why the Court should not decide the motion to dismiss based only upon the Defendants' submissions. (Dkt. No. 25). Once again, Plaintiff failed to file a response.

## DISCUSSION

### Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

---

[1] The Court notes that, in his Order, Judge Vilardo directed that if Plaintiff intended to amend his claim of § 1985 conspiracy he "also must include additional information on the status or outcome of his February 25, 2019 grievance." (Dkt. No. 4 at p. 10).

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations, citations, and alterations omitted).

Where, as here, the plaintiff is proceeding *pro se*, the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'") (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). That said, even a *pro se* complaint must be dismissed if it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d 473, 476 (W.D.N.Y. Aug. 2, 2011).

Courts are generally prohibited from granting a motion to dismiss solely because the plaintiff failed to respond. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's

failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."); *see also James v. John Jay College of Crim. Justice*, 776 Fed. Appx. 723, 724 (2d Cir. 2019) (summary order) (explaining that a plaintiff's lack of opposition to a motion to dismiss does not, without more, justify dismissal). Where a plaintiff fails to oppose a motion to dismiss, a district court is to "assume the truth of a pleadings factual allegations and test only its legal sufficiency" according to the principles applicable to a Rule 12(b)(6) motion. *McCall*, 232 F.3d 322-23.

### Exhaustion of Administrative Remedies

Defendants argue primarily that this action should be dismissed because Plaintiff failed to properly and timely exhaust his administrative remedies before bringing suit. Defendants' argument may hold merit, but the Court cannot make such a determination at this stage of pleading.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

> "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.' Prisoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings" *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Therefore, the exhaustion inquiry requires a court to "look at the state prison procedures and the prisoner's grievance to determine whether

> the prisoner has complied with those procedures." *Espinal*, 558 F.3d at 124 (citing *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Woodford*, 548 U.S. at 88-90).

*Angulo v. Nassau Cty.*, 89 F. Supp. 3d 541, 550-51 (E.D.N.Y. 2015).

There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought to court. *Jones v. Bock*, 549 U.S. at 211. Nonetheless, the Supreme Court clarified in *Jones* that "failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement." *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (citing *Jones*, 549 U.S. at 216). Accordingly, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* However, a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement. *Id.* In other words, although a complaint cannot be dismissed for failing to plead that administrative remedies were exhausted, it *can* be dismissed if it pleads facts demonstrating that administrative remedies were *not* exhausted. *Garvin v. Rivera*, 13-CV-7054, 2015 U.S. Dist. LEXIS 24616, at *6 (S.D.N.Y. Feb. 28, 2015) (emphasis in original). Further, there is the "significant qualifier" to exhaustion requirements that administrative remedies must actually be available to the aggrieved prisoner. *See Ross v. Blake*, 578 U.S. 632, 639-42 (2016). Prisoners may be deemed exempt from the exhaustion requirement in "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Williams*, 829 F.3d at 123 (quoting *Ross*). Those circumstances include when: (1) the grievance process "operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the process is "so

opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*, 829 F.3d at 123-24.

Here, Defendants argue that Plaintiff failed to properly or timely exhaust his administrative remedies. Indeed, Plaintiff has not alleged that he timely exhausted his administrative remedies before bringing this suit. While Plaintiff's original complaint contained some allegations regarding an administrative grievance, his amended complaint contains no factual allegations or references to filing of a grievance or pursuit of administrative remedies, if any.[2] In both pleadings, Plaintiff alleges that Defendants assaulted him on February 7, 2019.[3] In his original complaint only, Plaintiff alleged that he filed a grievance on February 25, 2019 regarding the alleged assault. (Dkt. No. 1, p.9).

Defendants submit that Plaintiff was required to file a grievance within five days of the incident, that is, by February 12, 2019. *See* 9 N.Y.C.R.R. § 7032.4(d); *Baez v. Rathbun*, 16-CV-6552, 2018 U.S. Dist. LEXIS 122614, at *4 (W.D.N.Y. July 23, 2018) ("Under New York regulations, an inmate at a local correctional facility must file a grievance within five days of the date of the act or occurrence giving rise to the grievance."). Defendants argue that because Plaintiff did not grieve the alleged assault within five days he failed to exhaust his administrative remedies and his claims must be dismissed.

---

[2] As Plaintiff was warned by both Judge Vilardo and this Court, the amended complaint completely replaces and supersedes the original complaint and thus renders the original complaint without any legal effect. (Dkt Nos. 4, 16).

[3] There are indications in the record that the alleged assault may have actually occurred on January 7, 2019, not February 7. This discrepancy does not affect the analysis at this time.

Defendants rely primarily on a decision by Judge Geraci granting a motion to dismiss against a *pro se* prisoner who sought to excuse his late filing of a grievance. *See Rucker v. Fletcher*, 18-CV-6575, 2020 U.S. Dist. LEXIS 61794 (W.D.N.Y. Apr. 7, 2020). However, after Defendants filed the instant motion, the Second Circuit reversed the District Court's dismissal of *Rucker* and remanded the matter for further consideration. *See Rucker v. Giffen*, 997 F.3d 88 (2d Cir. 2021). There, Rucker's complaint alleged that he filed an admittedly untimely grievance regarding denial of medical treatment; explaining that he could not file during the five-day window due to his medical condition and hospitalization. *Id.*, at 91-92. The Second Court held that the administrative remedies were "effectively unavailable" to the prisoner because his medical condition and extended hospitalization presented a substantial obstacle to filing a grievance. *Id.*, at 94. Thus, the Court concluded that Rucker was not barred from bringing the action. *Id.*

At minimum, Defendants' motion should be amended in light of the subsequent appellate history in *Rucker*. More importantly, Defendant's request for relief cannot be granted because Plaintiff is not required to plead or prove exhaustion in his complaint and his failure to do so is not grounds for dismissal at this stage. *Genao v. City of New York*, 20-CV-2441, 2021 U.S. Dist. LEXIS 98752, at *6 (S.D.N.Y. May 25, 2021) ("Although failure to exhaust administrative remedies would bar Plaintiff from bringing this claim before this Court, Plaintiff's failure to plead administrative exhaustion does not."); *accord Jones*, 549 U.S. at 216; *Williams*, 829 F.3d at 122. Plaintiff's case cannot be dismissed based on the absence of exhaustion allegations and, from the face of the amended complaint, the Court cannot conclude whether mandatory exhaustion did or did not occur, or if exhaustion was otherwise excusable. *See Jones v. Sposato*, 16-CV-5121, 2017 U.S.

Dist. LEXIS 135439, at *16 (E.D.N.Y. Aug. 22, 2017) (denying motion to dismiss because it was not clear from the face of the complaint that plaintiff's failure to exhaust could not be excused as unavailable). Even if the Court considers the grievance allegations in the original complaint, it is not sufficiently clear from the face of the pleadings that plaintiff did not satisfy the PLRA exhaustion requirement.

Defendants ask the Court to accept evidence of Plaintiff's failure to exhaust in the form of an affidavit from the Grievance Investigator at the Erie County Holding Center, Sergeant Paul Rott, asserting that Plaintiff's grievance was denied as untimely. (Dkt. No. 23). However, such evidence is outside the pleadings and not properly considered by the Court on a 12(b)(6) motion.[4] See *Courtenay Communs. Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003) (holding that, when presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment); see also *Genao*, 2021 U.S. Dist. LEXIS 98752, at *9 ("Since defendants are making a factual allegation that Plaintiff failed to exhaust, which is not supported by the face of the complaint, Rule 12(b)(6) is not the proper vehicle for their claim and the complaint cannot be dismissed on that basis.").

---

[4] In deciding a motion to dismiss, the Court may consider: "(1) the facts alleged on the face of the complaint; (2) documents attached to the complaint as exhibits; (3) documents incorporated in the complaint by reference; and (4) matters of which the court may take judicial notice." *Lightner v. Wenderlich*, 271 F. Supp. 3d 445, 453 (W.D.N.Y. 2017). Even where a document is not incorporated by reference, the court may nonetheless consider it where the complaint "relies heavily upon its terms and effect," which renders the documents "integral" to the complaint. *Chambers v. Time Warner*, 282 F.3d 147, 152-53 (2d Cir. 2002); accord *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). If the Court relies on extrinsic evidence not incorporated by reference or integral to the complaint, is obligated to convert the motion and give the parties "a reasonable opportunity to present all the material that is pertinent" to the specific issue that is before the court on the motion to dismiss. See *Schafer v. Direct Energy Servs., LLC*, 845 Fed. Appx. 81, 83 (2d Cir. 2021) (quoting Fed. R. Civ. P. 12(d)). Here, the Court cannot consider this extrinsic evidence without giving plaintiff a reasonable opportunity to present pertinent facts or material on the issue of exhaustion.

Accordingly, the Court recommends that Defendants' motion be denied without prejudice to renewal as a motion for summary judgment to allow Defendants to properly present evidence regarding this affirmative defense. *See Sposato*, 2017 U.S. Dist. LEXIS 135439, at *17 (denying defendants' motion to dismiss without prejudice to renewal as a Rule 56 motion following limited discovery on the issue of administrative exhaustion); *Garvin*, 2015 U.S. Dist. LEXIS 24616, at *12 ("Where the merits of an administrative exhaustion defense cannot be determined from the face of a complaint, courts in this Circuit have frequently converted defendants' motion to dismiss to motions for summary judgment."). Plaintiff should also be afforded an opportunity to obtain and present evidence relative to this defense. Thus, the Court recommends allowing the parties to engage in limited discovery solely focused on issue of administrative exhaustion.

Because the administrative exhaustion issue is likely dispositive of all of Plaintiff's claims, the Court does not address the other grounds for dismissal raised in Defendants' motion to dismiss, nor does it reach Defendants' alternative requests for relief under Rules 12(b), 12(f), and 12(e). In the event this case is still active after resolution of the exhaustion question, this Court will allow Defendants to renew their remaining motions.

The Court further recommends, should this Report and Recommendation be adopted by Judge Vilardo, that the matter be referred back to the undersigned to set appropriate deadlines for limited discovery and filing of a summary judgment motion, if Defendants so choose.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendants' motion to dismiss be denied without prejudice to renewal as a summary judgment motion. (Dkt. Nos. 21-24).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Arcara.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal

authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated:   February 1, 2022
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge