UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

LUIS CABALLERO,

        Plaintiff,

  v.                               19-CV-1513-LJV-MJR

                                          DECISION & ORDER

DEPUTY SUPERINTENDENT, et al.,

        Defendants.

—————————————————————


On November 8, 2019, the *pro se* plaintiff, Luis Caballero, commenced this action under 42 U.S.C. §§ 1983 and 1985, as well as under state law.  Docket Item 1. He also moved to proceed *in forma pauperis*.  Docket Item 2.  On March 11, 2020, this Court granted Caballero's motion to procced *in forma pauperis* and issued a screening order, which dismissed some claims, allowed others to proceed, and granted Caballero leave to file an amended complaint within 45 days.  Docket Item 4.  Caballero did not do so within the allotted time period, and, on August 28, 2020, the defendants answered the complaint.  Docket Item 10.

On September 1, 2020, the case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 11.  On September 28, 2020, Caballero moved for an extension of time to file an amended complaint.  Docket Item 13.  Judge Roemer granted Caballero's request and ordered him to file an amended complaint by December 18, 2020.  Docket Item 16.  On January 13, 2021, Caballero filed an amended complaint, along with a motion to accept

the late filing.  Docket Item 17.  Judge Roemer granted that motion, and, as a result, the amended complaint, Docket Item 18, is the operative pleading in this action.

On March 30, 2021, the defendants moved to dismiss the amended complaint. Docket Item 21.  Judge Roemer ordered Caballero to respond by April 30, 2021, but Caballero failed to do so.  On October 7, 2021, Judge Roemer issued a text order directing Caballero to "show cause, in writing by 11/5/2021, why this Court should not decide the motion to dismiss based only upon the defendants' submissions."  Docket Item 25.  Caballero again failed to respond.

On February 2, 2022, Judge Roemer issued a Report and Recommendation ("R&R") finding that the defendants' motion to dismiss should be denied without prejudice to their refiling it as a motion for summary judgment.  Docket Item 26.  On February 11, 2022, the defendants objected to the R&R on the grounds that (1) the entire complaint should be dismissed for failure to exhaust; and (2) alternatively, the defendants are entitled to immediate dismissal of Caballero's conspiracy claim under 42 U.S.C. § 1985 and equal protection claim under 42 U.S.C. § 1983.  Docket Item 27. Caballero did not respond, and the time to do so has passed.  *See* Docket Item 28.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection; and the materials submitted to Judge Roemer.  Based on that *de novo* review, the Court this Court accepts in part and modifies in part Judge Roemer's

findings.  More specifically, in response to the defendants' objection, this Court clarifies

that Caballero's amended complaint fails to state a claim for equal protection and a

section 1985 conspiracy.  This Court agrees with Judge Roemer that the defendants'

motion to dismiss for failure to exhaust should be denied without prejudice to renewal as

a motion for summary judgment for the reasons stated in the R&R.  *See* Docket Item

26.[1]

      With respect to the equal protection claim, this Court found in its screening order

that Caballero's allegations failed to state a claim but granted Caballero "permission to

amend the claim to include, if possible, allegations that the defendants injured him in

violation of the Equal Protection Clause and that similarly-situated individuals were

treated differently."  Docket Item 4 at 8.  Likewise, with respect to the section 1985

conspiracy claim, the Court noted that Caballero had "not provided evidence of any

agreement nor ha[d] he pleaded how the alleged injured him" but granted him

"permission to amend the conspiracy claim to include, if possible, specific facts showing

that the defendants destroyed or tampered with evidence."  *Id.* at 10.

      It appears that Caballero opted to omit both of those claims from his amended

complaint.  *Compare* Docket Item 1 (complaint) (alleging, *inter alia*, claims for "equal

protection" and "conspiracy & failure to prevent"), *with* Docket Item 18 (amended

complaint) (omitting mention of equal protection or conspiracy claim).  As the Court

advised Caballero, his amended complaint "***completely replace[d]*** the prior complaint

in the action and thus 'render[ed the prior complaint] of no legal effect."  Docket Item 4

---

    [1] This Court assumes familiarity with the amended complaint, Docket Item 18,
and Judge Roemer's analysis in the R&R, Docket Item 26.

at 14 (emphasis in original) (quoting *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1994)).  Thus, any claims omitted from the amended complaint are no longer in the case.

Moreover, even if the amended complaint somehow could be read to raise an equal protection or section 1985 conspiracy claim, Caballero did not include any of the allegations required under this Court's screening order.  *Compare* Docket Item 4 at 8, 10, *with* Docket Item 18.  Thus, to the extent that Caballero intended to raise an equal protection claim, a section 1985 conspiracy claim, or both, in his amended complaint, such claims are dismissed under this Court's screening order.  *See* Docket Item 4 at 15 (explaining that "if Caballero does not file an amended complaint *correcting the deficiencies noted above* . . . his section 1985 conspiracy claim and section 1983 Fourteenth Amendment Equal Protection claim will be dismissed" (emphasis added)).

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  More specifically, the motion is GRANTED in that this Court finds that Caballero's amended complaint fails to state a claim for equal protection or section 1985 conspiracy; the remainder of the motion is DENIED WITHOUT PREJUDICE to the defendants' renewing it as a motion for summary judgment for the reasons stated in the R&R.  The case is referred back to Judge Roemer for further proceedings consistent with the referral order of September 1, 2020, Docket Item 11.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).

Caballero must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      May 12, 2022
            Buffalo, New York

 *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE