UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS CABALLERO,

                    Plaintiff,

     -v-

SERGEANT TIMOTHY McMAHON, et al.,

                  Defendants.

_____

19-CV-01513-LJV-MJR
REPORT and
RECOMMENDATION

## INTRODUCTION

This matter has been referred to the undersigned by Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1). (Dkt. No. 11). For the following reasons, is it recommended that this action be dismissed for failure to prosecute.

## BACKGROUND and PROCEDURAL HISTORY

*Pro se* plaintiff, Luis Caballero, was a prisoner confined at the Attica Correctional Facility ("Attica") when he filed this action. He asserted claims primarily under 42 U.S.C. §§ 1983 and 1985, arising from an alleged assault by the defendants, Correctional Officers at the Erie County Holding Center, on February 7, 2019. (Dkt. No. 18). For a review of the background and procedural history of this case, the Court refers to the Decision and Order of Judge Vilardo issued on May 12, 2022. (Dkt. No. 29). The Court reviews only the background relevant to the instant motion.

On March 30, 2021, defendants filed a motion to dismiss plaintiff's amended complaint. (Dkt. No. 21). This Court issued a scheduling notice which set a deadline of April 30, 2021 for plaintiff to respond to the motion. Plaintiff failed to respond by the deadline and has made no filings since. The Court then issued a text order directing plaintiff to show cause, by November 5, 2021, why the Court should not decide the motion to dismiss based only upon the defendants' submissions. (Dkt. No. 25). Again, plaintiff failed to respond, and the Court issued a Report and Recommendation ("R&R") on February 2, 2022 addressing the merits of the motion to dismiss. (Dkt. No. 26). Defendants filed objections to the R&R. (Dkt. No. 27). On May 12, 2022, the District Court issued a Decision and Order which adopted in part and modified in part the R&R and partially granted defendants' motion to dismiss. (Dkt. No. 29). Pursuant to that order, this Court then issued a case management order which provided for limited fact discovery on the issue of exhaustion of administrative remedies. (Dkt. No. 30).

On October 20, 2022, defendants filed a motion for summary judgment on the remaining claims contained in plaintiff's amended complaint. (Dkt. No. 35). This Court issued a scheduling notice which set a deadline of November 28, 2022 for plaintiff to respond to the motion. Plaintiff failed to respond by the deadline.

On February 15, 2023, this Court issued a text order instructing plaintiff to show cause, by March 17, 2023, why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure. (Dkt. No. 40). The order warned that plaintiff's failure to respond could result in dismissal of this action. (*Id.*). To date, plaintiff has provided no response to the Court's order.

## DISCUSSION

At this time, the Court determines that the case should be involuntarily dismissed for want of prosecution. Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See* Fed. R. Civ. P. 41. Rule 41 does not impose any negative implication restricting involuntary dismissal to motion by defendant. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962), *reh'g denied*, 371 U.S. 873 (1962). The District Court has the power to dismiss for failure to prosecute, on its own motion. *West v. Gilbert*, 361 F.2d 314, 316 (2d Cir. 1966).

Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit has outlined several factors courts must consider before dismissing a lawsuit for failure to prosecute. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). These factors include: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less dramatic than dismissal." *Id.* at 535.

The court must be mindful that such dismissals are "the harshest of sanctions," and that dismissal must "be proceeded by particular procedural prerequisites," including "notice of the sanctionable conduct, the standard by which it will be assessed, and an

opportunity to be heard." *See Baptiste v. Sommers*, 768 F.3d 212, 216-17 (2d Cir. 2014). Further, where a plaintiff is proceeding *pro se*, he or she "should be granted special leniency" and his or her claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane v. Hall's Sec. Analyst Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Nonetheless, *pro se* litigants have an obligation to comply with court orders, and when they fail to do so, "they, like all litigants, must suffer the consequences of their actions." *Hibbert v. Apfel*, 99-CV-4246, 2000 U.S. Dist. LEXIS 9791, at *8 (S.D.N.Y. Jul. 14. 2000).

Here, plaintiff has not made any submissions in opposition to defendants' motion for summary judgment during a period of over six months. Nor has plaintiff requested any extension of time or attempted to explain his delay. In fact, plaintiff has failed to take any affirmative action to move this case forward since filing his amended complaint, over two years ago, in January 2021. In addition to the more recent motion for summary judgment, plaintiff also neglected to provide any response to the prior motion to dismiss brought by defendants in March 2021. Plaintiff's seemingly deliberate inaction for a period of over two years supports dismissal of the case. *See Brown v. General Nutrition Cos.*, 356 Fed. Appx. 482, 486 (2d Cir. 2009) (a "four-month delay cannot be said to be of insignificant duration"); *Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d. Cir. 2008) (dismissal for failure to prosecute affirmed where plaintiff's inaction caused a delay of over seven months); *Chira v. Lockhead Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (dismissal proper under Rule 41(b) when plaintiff failed to take any action to move his case to trial during a six-month period); *Peters-Turnbull v. Bd. Of Educ.*, 96 Civ. 4914, 1999 U.S. Dist. LEXIS 16079 (S.D.N.Y. Oct. 18, 1999) (a delay of somewhere between

five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.").

As to the second factor, plaintiff has been warned by this Court that his failure to comply may result in dismissal of his lawsuit. Specifically, a text order entered on February 15, 2023 directed plaintiff to show cause why the case should not be dismissed and warned that failure to respond could result in dismissal. Plaintiff also received a detailed Rule 56 "Notice to Pro Se Litigants" as part of defendants' summary judgment motion (*See* Dkt. No. 35-1), pursuant to the Second Circuit's directives in *Irby v. New York City Transit Authority*, 262 F.3d 412, 413 (2d Cir. 2001) (per curiam). That notice warned plaintiff that failure to respond to the motion could result in dismissal. (*Id.*). Thus, it cannot be said that plaintiff has not been adequately warned that failure to act would result in dismissal of his claims. *See Lyell Theatre*, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible); *Ruzsa*, 520 F.3d at 177-78 (dismissal of action for failure to prosecute affirmed where plaintiff was notified that "further delay will result in dismissal.").

The third factor requires the Court to consider whether plaintiff's inaction has resulted in prejudice to defendants. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where the delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). Here, plaintiff has created unreasonable delay by failing to respond to the pending motion for summary judgment and by failing to take any action to further his case over the past two years. Therefore, prejudice may be presumed. Further, plaintiff's delay could result in actual prejudice to defendants. Lapses in time compromise

witnesses' availability and their ability to accurately recall the pertinent events. Delays also may affect the preservation of evidence. Additionally, defendants are prejudiced by plaintiff's lack of response to the summary judgment motion in that they cannot properly defend this case without knowing plaintiff's factual position beyond the allegations of the complaint.

The fourth factor requires the Court to balance calendar congestion and plaintiff's right to present his case. The Second Circuit cautions that "a court must not let its zeal for a tidy calendar overcome its duty to justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968). However, plaintiff here has not been denied his due process rights. Both the delay and potential dismissal are of his own making. Plaintiff was afforded opportunities to further his case and given ample time to respond to the pending summary judgment motion. He did not do so. Indeed, Plaintiff's own failure to litigate this matter cannot be construed as the denial of the right to present his case. *See Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). Accordingly, this factor also weighs in favor of dismissal.

Lastly, it is unlikely that lesser sanctions would be effective here. Plaintiff has ignored all deadlines and orders in this case for more than two years despite being warned of the risk of dismissal. *See Ruzsa*, 520 F.3d at 177 ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"); *Smith v. Human Resources Admin.*, 91-CV-2295, 2000 U.S. Dist. LEXIS 5373, at *7-8 (S.D.N.Y. Mar. 27, 2000) (finding sanctions short of dismissal inappropriate where "court orders and direction have not prompted

plaintiff to move her case forward"); *Alevizopoulos & Assoc. v. Comcast Int'l Holdings, Inc.*, 99-CV-9311, 2000 U.S. Dist. LEXIS 16154, at *11 (S.D.N.Y. Nov. 8, 2000) (finding lesser sanction to be inappropriate where plaintiff repeatedly failed to abide by the court's orders and noting that "[a] court need not beg a party to comply with its orders" and that plaintiff's "failure to respond to [the motion] demonstrates that he has lost interest in this case."). Affording special solicitude to plaintiff as a *pro se* litigant, the Court previously elected to consider defendant's motion to dismiss in the absence of a response from plaintiff.[1] However, as plaintiff has again failed to provide any response to a dispositive motion, the Court does not find that a lesser sanction, such as deeming defendants' Rule 56 statement of facts to be admitted by plaintiff and proceeding with a merits review, will be effective based on plaintiff's clear lack of interest in pursuing this action over a two-year period.[2] *See Jones v. City of Rochester*, 20-CV-545, 2022 U.S. Dist. LEXIS 93968, at *11-12 (W.D.N.Y. May 25, 2022) ("Although a resolution on the merits is generally preferred, the facts of this case support a dismissal for failure to prosecute given that Plaintiff has failed to comply with multiple Orders of this Court, respond to Defendant's

---

[1] The Court also previously allowed plaintiff an extension of time to file an amended complaint after he missed the deadline set by the District Court in its screening order. (Dkt. Nos. 4; 16). The Court did so in consideration of plaintiff's *pro se* prisoner status and the ongoing effects of the COVID-19 pandemic in the prison system. (*Id.*).

[2] The Court acknowledges the Second Circuit's preference for district courts to resolve summary judgment motions on the merits, rather than to proceed to dismissals under Rule 41(b) in similar circumstances. *See LeSane*, 239 F.3d at 211. However, the duration of delay in this case is egregious, and, despite plaintiff having been afforded several opportunities to prosecute his case, he has repeatedly chosen to take no action. Further, the Court finds that it would be particularly difficult to adjudicate the pending motion on the merits without input from plaintiff. Defendants move for summary judgment on the basis that plaintiff failed to fulfill the Prison Litigation Reform Act's ("PLRA") exhaustion provisions, *see* 42 U.S.C.A. § 1997e. However, the issue of failure to exhaust is generally fact driven. The absence of an opposing statement from plaintiff leaves the Court with unanswered questions about plaintiff's efforts to pursue administrative remedies and the availability of grievance procedures following the alleged incident. Considering this and the factors discussed above, the Court concludes that consideration of the summary judgment motion is neither practicable nor appropriate under the circumstances. Moreover, even if the Court were to deny summary judgment, this case could not move forward without plaintiff's participation.

Motion for Summary Judgment, and make any effort to move this case forward since his last appearance [over one year ago].");  *see also Hunter v. N.Y. State Dept. of Corr. Servs.*, 515 Fed Appx. 40 (2d Cir. 2013) (summary order) (finding no error in district court's Rule 41(b) dismissal, rather than proceeding with summary judgment, where there was a seven month period of inactivity during which plaintiff failed to respond to motion); *Steele v. Ralph*, 12-CV-461, 2016 U.S. Dist. LEXIS 143495 (W.D.N.Y. Oct. 17, 2016) (dismissing case pursuant to Rule 41(b) because plaintiff failed to respond to motion for summary judgment or have any contact with the court for nearly seven months).

## CONCLUSION

For the foregoing reasons, the Court recommends that this case be dismissed with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).*

Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:      April 27, 2023
            Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge