UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUIS CABALLERO,

        Plaintiff,

    v.                                           19-CV-1513-LJV-MJR
                                                        DECISION & ORDER

TIMOTHY MCMAHON, *et al.*,

        Defendants.

---

On November 8, 2019, the *pro se* plaintiff, Luis Caballero, commenced this action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other federal and state laws. *See* Docket Item 1. He also moved to proceed *in forma pauperis*. Docket Item 2. On March 11, 2020, this Court granted Caballero's motion to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Docket Item 4. In that screening order, the Court dismissed some of Caballero's claims, allowed others to proceed, and gave Caballero leave to file an amended complaint. *See id.* Caballero did not file an amended complaint within the allotted time period, and, on August 28, 2020, the defendants answered the complaint. Docket Item 10.

A few days later, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 11. Judge Roemer then granted Caballero an extension of time to file an amended complaint, Docket Item 16, and on January 13, 2021, Caballero filed an amended complaint, Docket Item 18. The defendants then moved to dismiss the amended

complaint.  Docket Item 21.  Caballero did not respond to that motion.  *See* Docket Item 25.

On February 2, 2022, Judge Roemer issued a Report and Recommendation ("first R&R") finding that the defendants' motion to dismiss should be denied without prejudice to their refiling it as a motion for summary judgment.  Docket Item 26.  The defendants then objected to the first R&R, claiming that (1) the entire complaint should be dismissed because of Caballero's failure to exhaust his administrative remedies; and (2) alternatively, the defendants were entitled to immediate dismissal of Caballero's conspiracy claim under 42 U.S.C. § 1985 and equal protection claim under 42 U.S.C. § 1983.  Docket Item 27.  Caballero did not respond to the defendants' objection.  *See* Docket Item 28 (order setting briefing schedule).

On May 12, 2022, this Court adopted the first R&R in part.  Docket Item 29.  More specifically, this Court dismissed Caballero's equal protection and section 1985 conspiracy claims and denied the remainder of the defendants' motion to dismiss without prejudice to the defendants' renewing that motion as a motion for summary judgment.  *See id.*

About five months later, the defendants moved for summary judgment.  Docket Item 35.  Judge Roemer set a deadline for Caballero to respond to that motion, but Caballero did not file a timely response.  *See* Docket Item 40.  Judge Roemer therefore ordered Caballero to show cause why the case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41(b).  *See id.*  Caballero did not respond to that order, and on April 28, 2023, Judge Roemer issued a Report and Recommendation ("second R&R")

2

recommending that this case be dismissed for failure to prosecute.  Docket Item 41.  A copy of the second R&R was mailed to Caballero at the Attica Correctional Facility, his address on record.  *See id.*

Caballero did not object to the second R&R before the deadline to do so elapsed. *See id.*  But because Caballero had at some point moved from the Attica Correctional Facility to the Elmira Correctional Facility, this Court mailed a copy of the second R&R to Caballero at the Elmira Correctional Facility and extended the time to object to the second R&R.[1]  *See* Docket Item 42.  The extended deadline to object to the second R&R now has passed, *see id.*, and Caballero still has not objected to Judge Roemer's recommendation to dismiss this case.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to dismiss this case.  As Judge Roemer explained,

---

[1] This Court also mailed a copy of its order extending the time to object to Caballero's address at the Attica Correctional Facility.  *See* Docket Item 42.

Caballero did not respond to the motion to dismiss, or the motion for summary judgment, or Judge Roemer's order to show cause.  See Docket Item 41 at 4-5.  And while this Court mailed Caballero a copy of the second R&R to the Elmira Correctional Facility and extended his time to object, see Docket Item 42, Caballero still has not objected to the second R&R.  In fact, Caballero has not filed anything in this case since January 2021, more than two years.  See Docket Item 41 at 4.  For those reasons, and for the reasons stated in the second R&R, Caballero's failure to prosecute this case warrants dismissal.

## **CONCLUSION**

For the reasons stated above and in the second R&R, Docket Item 41, this case is dismissed for failure to prosecute.  The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  Caballero must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: July 5, 2023
       Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

5